UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pamela Stickler,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>California State Police,<br><br>　　　　　　Defendant. | Civil No. 12cv864 AJB (BGS)<br><br>**Order Granting Motion to Proceed *In Forma Pauperis*, Dismissing Action Without Prejudice for Failure to State a Claim, and Denying Motion for Appointment of Counsel Without Prejudice**<br><br>[Doc. Nos. 2 and 3] |

　　　On April 9, 2012, the Plaintiff, Pamela Stickler, a non-prisoner proceeding *pro se*, commenced this action against Defendant California State Police.  Plaintiff also moves to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and argues that an appointment of counsel is required pursuant to 28 U.S.C. § 1915(e)(1).  For the following reasons, the Court GRANTS Plaintiff's motion to proceed IFP, but sua sponte DISMISSES without prejudice her suit for failure to state a claim.  Additionally, due to the dismissal for failure to state a claim the Court denies as premature, without prejudice, Plaintiff's motion to appoint counsel.

## *Discussion*

### I.　*Motion to Proceed In Forma Pauperis*

　　　Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a).  Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an

affidavit demonstrating his or her inability to pay the filing fee.  Such affidavit must include a complete statement of the plaintiff's assets. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages.  28 U.S.C. § 1915(e)(2).  When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2).  *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Plaintiff has submitted an affidavit in support of her IFP motion indicating that she is unemployed, receives no assistance or benefits and owns no real or personal property.  Accordingly, the Court finds that Plaintiff meets the § 1915(a) requirements and GRANTS Plaintiff's motion to proceed IFP.

## II.     *Sua Sponte Dismissal for Failure to State a Claim*

Plaintiff does not state a specific claim on which relief may be granted.  A court may dismiss the case at any time if the court determines the Plaintiff failed to state a claim on which relief may be granted pursuant to § 1915(e)(2).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of her civil rights. *Id.*  Here the allegations set forth in the Plaintiff's complaint are vague conclusions that fail to allege specific constitutional or civil rights violations.  Her pleading fails to state facts against any specific defendant whom allegedly violated her rights.  As a result, Plaintiff has not presented a sufficient basis for a claim on which relief may be granted.  The Court DISMISSES her Complaint without prejudice for failure to state a claim.

## III.    *Motion to Request Appointment of Counsel*

Plaintiff argues that an appointment of counsel is required in this case based upon Plaintiff's indigent status and complications with law enforcement. "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir. 1995).  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil

1 litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th
2 Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional
3 circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of
4 the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'
5 Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.*
6 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

7      Here, the Court cannot appoint counsel when Plaintiff has not yet stated a cognizable claim.
8 Having dismissed the Complaint, the Court concludes that this motion is premature and therefore, there
9 is no basis for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this time.  Plaintiff's motion
10 to appoint counsel is **DENIED** *without prejudice*.

### *Conclusion*

12      For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to proceed IFP but
13 **DISMISSES** her Complaint *without prejudice* for failure to state a claim. Consequently, the Court
14 **DENIES** as premature Plaintiff's motion for appointment of counsel, also *without prejudice*. Plaintiff
15 has sixty (60) days to submit an amended Complaint correcting the deficiencies noted herein. Failure to
16 do so will result in the Court's dismissal of this case.

17      IT IS SO ORDERED.

19 DATED:  April 13, 2012

                                                              Hon. Anthony J. Battaglia
                                                              U.S. District Judge